742 F.2d 484
 Casimir W. DYNIEWICZ, as Personal Representative of the
Estates of Mark Dyniewicz, deceased, and Carol Dyniewicz,
deceased, and Harold Freitag, as Guardian of Jennie
Dyniewicz, Missy Dyniewicz, Kelly Dyniewicz, Mark Dyniewicz,
and Michael Dyniewicz, minors, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 83-2399.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 30, 1984.
Filed Sept. 7, 1984.
As Amended Oct. 18, 1984.
 
 Ronal G.S. Au, Wayne H. Mukaida, Connie G.W. Meredith, Honolulu, Hawaii, for plaintiffs-appellants.
 Mark J. Bennett, Asst. U.S. Atty., Honolulu, Hawaii, for defendant-appellee.
 Appeal from the United States District Court for the District of Hawaii.
 Before CHOY, GOODWIN, and KENNEDY, Circuit Judges.
 KENNEDY, Circuit Judge:
 
 
 1
 Under the Federal Tort Claims Act a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. Sec. 2401(b). At issue here is the procedure necessary for an agency to deny a claim and whether this particular action is time barred if the agency followed improper procedures. The district court dismissed the action after finding the claim was properly denied and that filing was not made six months thereafter. We too conclude the action must be dismissed, but on a different rationale. We find the agency's denial of the claim was defective, but nonetheless that the claim was not filed timely with the agency in the first instance.
 
 
 2
 On March 17, 1980, Mark and Carol Dyniewicz were killed when a flood swept their car off a highway on the island of Hawaii. Their estates and their minor children (appellants) filed suit against the State of Hawaii on October 6, 1980 for wrongful death, alleging negligence in failure to close the road in question. During the course of the state suit, appellants discovered that the negligence of National Park Service rangers might have been a cause of the accident. Appellants contend the first indication that United States' employees might have been involved was a dispatcher's tape-recording discovered on June 12, 1982.
 
 
 3
 Appellants filed an administrative claim with the Department of Interior on July 30, 1982. A field solicitor for the Department of Interior sent appellants a letter by certified mail on September 8, 1982. The letter stated that "[b]ecause [the] claims were not 'presented in writing to the appropriate Federal agency within two years' after the claims accrued, they [are] barred pursuant to 28 U.S.C. 2401(b)." The letter quoted Sec. 2401(b) in its entirety but did not otherwise indicate that it was a notice of the final denial of appellants' claim. Six months and three days after the mailing of the letter, on March 11, 1983, appellants filed this Federal Tort Claims Act (FTCA) action in the United States District Court for the District of Hawaii.
 
 
 4
 Section 2401(b) provides the statute of limitations for the Federal Tort Claims Act:
 
 
 5
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
 
 
 6
 Section 2401(b) establishes two jurisdictional hurdles, both of which must be met. See Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9th Cir.1969); Schuler v. United States, 628 F.2d 199 (D.C.Cir.1980) (en banc) (per curiam). A claim must be filed with the agency within two years of the claim's accrual, and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred.
 
 
 7
 28 C.F.R. Sec. 14.9, captioned "final denial of claim," sets down the procedure for notifying claimants of the final administrative denial of their claims. Section 14.9 provides that the notification must be in writing, sent to the claimant or his attorney, may include a statement of the reasons for the denial, and "shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than six months after the date of mailing of the notification." The letter sent to the appellants complied with all of the requirements of Sec. 14.9 except the last.
 
 
 8
 Agencies are generally bound by the regulations they promulgate. Confederated Tribes & Bands of the Yakima Indians v. FERC, 734 F.2d 1347, 1356 (9th Cir.1984); Memorial, Inc. v. Harris, 655 F.2d 905, 910 n. 14 (9th Cir.1980). Procedural rules as well as substantive rules are binding. Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir.1981). The United States cannot impose procedural requirements on claimants which are more stringent than those provided by the FTCA, Warren v. Department of Interior, 724 F.2d 776 (9th Cir.1984) (en banc); the United States can, however, place procedural limitations on itself which are more extensive than the FTCA's. See Hall, 660 F.2d at 119.
 
 
 9
 We need not decide whether the exact language of 28 C.F.R. Sec. 14.9 must be quoted or whether substantial compliance with its meaning will suffice. Here, the letter sent to the appellants did not meet even the latter, less exacting test. 28 C.F.R. Sec. 14.9 serves two functions. First, Sec. 14.9 informs the claimant of the law; the claimant is told that he must file suit within six months of the notice of denial. This function of Sec. 14.9 was fulfilled here by the quotation of Sec. 2401(b) in the letter. Section 14.9, however, also serves to inform a claimant that the agency has acted upon the claim. The provision requires the claimant be informed that the six month period runs from the date of mailing of the particular notice. This provides the claimant with a clear landmark that the claim has been denied and that the six month clock has begun to run.
 
 
 10
 The letter sent to appellants in this case did not include an explicit statement that it constituted the final administrative denial of appellants' claim. A prudent attorney might have suspected such a letter, being certified, was meant as a final denial of appellants' claim. Nonetheless, the letter indicated only that the regional solicitor for the Department of Interior considered the claim to be time barred. A regional solicitor's judgment that a claim is time barred does not, per se, constitute the department's final denial of the matter; for example, his conclusion might be tentative or subject to further administrative review within the department. As the letter sent to appellants did not comport with the requirements of 28 C.F.R. Sec. 14.9, the district court erred in dismissing their suit as time barred by the six month limitations period. Boyd v. United States, 482 F.Supp. 1126, 1129 (W.D.Pa.1980); cf. 28 U.S.C. Sec. 2675 (claimant may presume claim denied any time after six months if agency does not act within that period).
 
 
 11
 A district court's decision, however, may be upheld upon any ground which fairly supports it. Dandridge v. Williams, 397 U.S. 471, 475 & n. 6, 90 S.Ct. 1153, 1156 & n. 6, 25 L.Ed.2d 491 (1970); Jaffke v. Dunham, 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957) (per curiam). An examination of the relevant case law shows that the regional solicitor was correct in concluding that appellants' claim was barred because it was not submitted within two years of its accrual.
 
 
 12
 "The general rule in tort law is that the claim accrues at the time of the plaintiff's injury." Davis v. United States, 642 F.2d 328, 330 (9th Cir.1981), cert. denied, 455 U.S. 919, 102 S.Ct. 1273, 71 L.Ed.2d 459 (1982); accord Steele v. United States, 599 F.2d 823, 826-27 (7th Cir.1979). In certain cases, usually involving medical malpractice or hidden injuries, the claim does not accrue until the plaintiff knows or in the exercise of reasonable diligence should know of both the injury and its cause. Davis, 642 F.2d at 330-31; Steele, 599 F.2d at 827; see id. at 828 (discovery rule inapplicable to ordinary torts). Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it. The "cause" is known when the immediate physical cause of the injury is discovered. Davis, 642 F.2d at 331; Steele, 599 F.2d at 828. But cf. Liuzzo v. United States, 485 F.Supp. 1274 (E.D.Mich.1980) (claim did not accrue until plaintiffs had reason to believe government agent was person who caused injury where agent and other government officials, including the President, had asserted that other persons were responsible).
 
 
 13
 With knowledge of the fact of injury and its cause the malpractice plaintiff is on the same footing as any negligence plaintiff. The burden is then on plaintiff to ascertain the existence and source of fault within the statutory period. It follows that diligence or lack of diligence in these efforts is irrelevant.
 
 
 14
 Davis, 642 F.2d at 331.
 
 
 15
 Appellants knew both the fact of injury and its immediate physical cause, the flooded highway, when the bodies of Mr. and Mrs. Dyniewicz were found. The cause of action accrued at that time. Their ignorance of the involvement of United States employees is irrelevant. Davis, 642 F.2d 328 (cause accrued when plaintiff learned polio vaccine had caused his injury not when he discovered that HEW had negligently tested it); Steele, 599 F.2d 823 (plaintiff's lack of knowledge that FAA had remote control power switch to transformer box, from which plaintiff received electric shocks, was irrelevant).
 
 
 16
 Appellants imply that the statute should be tolled because the Government knew of the negligence of the rangers and did not come forward with that information. If the Government has been negligent, it has no general duty to announce that fact to the world at large. There are no grounds for tolling the statute of limitations based simply on the Government's knowledge of its own wrongdoing absent fraudulent concealment, or other forms of conduct that may be recognized as grounds for equitable tolling of the statute. Borzeka v. Heckler, 739 F.2d 444, 448 n.3 (9th Cir. 1984). No sufficient grounds for tolling the statute have been asserted here.
 
 
 17
 The district court erred in holding that the letter sent to appellants was a notice of final denial of their claim within six months of which they had to file suit. The letter was, however, correct in asserting appellants' claim to be barred as not filed within two years of its accrual. Accordingly, the judgment of the district court is AFFIRMED.