Rose L. KRAMER, 100% Stockholder, Finast Metal Products, Inc., Plaintiff,

v.

SECRETARY, U.S. DEPARTMENT OF THE ARMY & Chief, Legal Department of the U.S. Department of the Army, Defendants.

No. CV 79–0062.

United States District Court, E.D. New York.

Dec. 10, 1985.

Rose L. Kramer, plaintiff pro se.

Raymond J. Dearie, U.S. Atty. by Robert L. Begleiter, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

On January 8, 1979, Rose L. Kramer, the 100% stockholder of Finast Metal Products, Inc. (Finast), filed suit against the United States Department of the Army.[1] Judge Costantino of this Court granted defendant's motion to dismiss for failure to state a claim, and dismissed Mrs. Kramer's action on July 17, 1979. Mrs. Kramer appealed *pro se* to the United States Court of Appeals for the Second Circuit.

The Court of Appeals observed that although plaintiff alleged a range of charges so broad as to encompass a variety of actions, that as far as actions maintainable in federal district court, her complaint boiled down to one for misappropriation of a trade secret. *Kramer v. Secretary,* 653 F.2d 726, 728, 730 (2d Cir.1980). The Court of Appeals held that under New York law misappropriation of a trade secret is a tort, and that it is a tort action that can be maintained under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. *Kramer v. Secretary,* 653 F.2d at 729–30. Accordingly, the Court of Appeals reversed the district court and remanded the case for further proceedings.

At the same time the Court of Appeals refused to decide the jurisdictional issues of exhaustion of administrative remedies and the statute of limitations, declaring that those questions were for the district court, which had not yet heard or decided them. *Id.* at 730. It is on these grounds that the government now seeks dismissal or summary judgment in its favor. Rules 12(b)(1), 56(b), Fed.R.Civ.P. Specifically, defendant contends that plaintiff has not met the exhaustion requirement of the FTCA, 28 U.S.C. § 2675(a), and that the claim is also time barred under the FTCA's two year statute of limitations, 28 U.S.C. § 2401(b). Plaintiff opposes.

### I.

The Court addresses some of the points raised by Mrs. Kramer in her lengthy and wide-ranging brief in opposition to the government's motion. First, the propriety or legality of the government's termination of its contract with plaintiff is not at issue here. That issue is properly before the United States Claims Court in Mrs. Kramer's breach of contract action. The issues now before this Court are solely those of the exhaustion requirement and statute of limitations under the FTCA.

■ Second, the questions of time bar and administrative exhaustion have not been previously litigated or decided by any judge on this bench or the Court of Appeals. Consequently, *res judicata* and related doctrines are inapplicable. Judge Costantino dismissed this action in 1979 for failure to state a claim and did not address the statute of limitations or exhaustion defenses. The Court of Appeals noted that Judge Costantino had not decided the issues, and also declined to decide them, preferring to first let the district court address them. *Kramer,* 653 F.2d at 730. After remand, Judge Costantino reassigned the action to newly-appointed Judge Wexler. No determination of these issues has been made since remand or at any point in this case. That the government waited for years to make its motion does not waive the defenses. Accordingly, plaintiff's *res judicata* argument fails.

■ Third, Mrs. Kramer mistakenly believes she has a claim before this Court under 42 U.S.C. § 1983 in the form of a "tort of denial of due process." One cannot sue the United States government, its agencies, or its agents under 42 U.S.C.

---

**1.** The United States was substituted as the proper defendant in this action.

§ 1983. Section 1983 creates a cause of action against persons, or other entities, who violate one's constitutional rights "under color of state law." The federal government does not act under color of *state* law. One seeks redress for violation of the right to due process by the federal government under the Fifth Amendment to the United States Constitution. Nevertheless, Mrs. Kramer has not made out any factual basis for denial of due process. In fact, she is receiving a great deal of due process before the Armed Services Board of Contract Appeals (ASBCA), the Claims Court, the Second Circuit Court of Appeals, and this Court. That she may not agree with the results does not mean that she has not had due process. Equally so, not every wrong perpetrated by the federal government amounts to a constitutional issue. Even if a court were to find that the government breached its contract with Mrs. Kramer or misappropriated her trade secrets, it would not give rise to a cause of action for denial of due process or violation of civil rights.

The only cause of action before this Court is one for misappropriation of a trade secret which the Court of Appeals distilled from the complaint. The action for breach of contract is properly before the ASBCA and Claims Court. *Kramer,* 653 F.2d at 729. There is no civil rights claim of any sort here.

## II.

The following chronology of events is not disputed. Plaintiff Rose L. Kramer is the 100% stockholder of Finast. In September 1973 Finast bid on a government contract for manufacture and delivery of 60mm projectiles. Finast expected to manufacture the projectiles from blanks supplied by National Extruded Metal Products Company (NEMPC). In January 1974 Finast learned NEMPC, the only known source of blanks, was going out of business. Mrs. Kramer immediately found an engineer acquaintance who was setting up a foundry and

was willing to forge the needed blanks. That company was Canusa Extrusion-Engineering, Inc. (Canusa). When the government asked for the name of the blank supplier, Mrs. Kramer secured an agreement of confidentiality before revealing Canusa's identity. *Id.* at 728. Thereafter, Finast was awarded the contract.

The government terminated the contract with Finast some four months later in October 1974. In January 1975 the government awarded the contract for 60mm projectiles to Stewart-Warner Corporation of Chicago, Illinois. Canusa became Stewart-Warner's supplier of blanks. The gravamen of this suit is that the government violated its confidentiality agreement and revealed Canusa's identity to Stewart-Warner.

Mrs. Kramer quickly appealed her contract termination, and the ASBCA held a hearing in July 1975. During the hearings there was testimony as to how Canusa and Stewart-Warner became aware of each other in the last quarter of 1974. In January 1976 Mrs. Kramer filed a civil suit in this Court against Canusa and Stewart-Warner alleging among other things that the two companies had conspired together and negotiated with the federal government to take over Finast's contract.[2] On January 8, 1979, plaintiff commenced the instant FTCA action against the government. On January 15, 1979 plaintiff filed the same claim with the U.S. Army Claims Service.

## III.

As the Court determines that the only claim before it is one for misappropriation of a trade secret under the FTCA, the Court must look to the FTCA statute of limitations, which is contained at 28 U.S.C. § 2401:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is

---

2. *Finast Metal Products, Inc. v. Canusa Extrusion—Engineering Inc. and Stewart-Warner Corp.,* No. CV 76–64 (E.D.N.Y.).

begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

■ Under the doctrine of sovereign immunity the government is immune from suit unless it specifically waives immunity and consents to be sued. The FTCA is such a waiver of sovereign immunity by Congress. The Act sets out the particular instances and conditions under which the government can be sued. A claimant must adhere strictly to these terms in order to maintain his suit. *Peterson v. United States*, 694 F.2d 943, 944–45 (3d Cir.1982) (and cases cited therein). In particular, the statute of limitations on FTCA actions is a jurisdictional requirement that must be strictly construed by the courts and cannot be extended by equitable considerations. *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979); *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

■ The frequent statute of limitations problem is determining when an action accrues. This involves not only the time of events, but determining what events commence the running of the statute. The standard under the FTCA is that a cause of action accrues when the injured party knows of the injury and its probable cause. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259; *Peterson v. United States*, 694 F.2d at 945.

According to the government's Rule 3(g) Statement, Stewart-Warner became aware that Canusa was a source of 60mm blanks during the last quarter of 1974, and in no event later than the first quarter of 1975. During the July 1975 ASBCA hearings on Finast's contract termination there was repeated testimony as to how and when Stewart-Warner was awarded Finast's contract

and made Canusa its supplier of forgings.[3] Then in 1976 plaintiff filed the suit against Canusa and Stewart-Warner.

■ The Court now turns to an examination of the timing of events, construing the allegations in a light most favorable to the plaintiff. Taking as true, for the purposes of this motion, the allegation that the government disclosed Finast's trade secret to Stewart-Warner, the disclosure date can be pinpointed at October 1974 (Defendant's Rule 3(g) Statement ¶ 16). It is beyond dispute that Stewart-Warner had come to know that Canusa was a supply source by the time it was awarded the contract in January 1975. The Court, however, cannot reasonably say that Mrs. Kramer knew or could have known of the breach of confidentiality in either October 1974 or January 1975. The action, therefore, cannot be said to have accrued at those times.

In July 1975, however, a great deal of testimony was taken in hearings before ASBCA as to the Canusa and Stewart-Warner connection. As Mrs. Kramer was a party to the hearings, it cannot be disputed that she then came to know that the government had acted to reveal information she had imparted under a promise of confidentiality. Finally, in January 1976, Mrs. Kramer filed suit in this Court against Stewart-Warner and Canusa charging their conspiracy with the government to take over Finast's contract (Defendants' Rule 3(g) Statement ¶ 18; Finast v. Canusa Complaint ¶¶ 55, 56). This complaint definitively shows that plaintiff knew of the injury and its cause in January 1976 (Exhibit B of Defendant's Rule 3(g) Statement).

■ Section 2401(b) requires that a claim be presented in writing to the government within two years of accrual, and then allows plaintiff six months from the final administrative denial to commence a court

---

**3.** The Court notes that according to defendant's Rule 3(g) Statement, the July 1975 testimony indicated that it was the government who informed Canusa that Stewart-Warner was a likely substitute for Finast on the contract, and it was Canusa's vice president who contacted Stewart-Warner on October 18, 1974 (¶ 16).

The Second Circuit, in its decision casting plaintiff's claim as one for misappropriation of a trade secret, states the reverse: that the government disclosed Canusa's identity to Stewart-Warner. *Kramer v. Secretary*, 653 F.2d at 728. For the purposes of this motion the Court uses the Second Circuit's version of events.

action. It matters not whether the Court insists that plaintiff's cause of action accrued in July 1975, when plaintiff could reasonably be expected to know of her injury and its cause, or January 1976 when she manifested clear knowledge of both. Mrs. Kramer did not present the claim to an administrative agency until at least three years after her claim accrued. That is the gap between July 1975 or January 1976 and the January 1979 filing. Under either accrual date the two year statute of limitations ran at least one year before the action was commenced in this Court or presented in writing to a federal agency. Nor does the fact that in July 1979 the U.S. Army Claims Service denied, or declined to act on, her claim extend the time limit (Plaintiff's Exhibit D). For the agency itself was barred by § 2401(b) from hearing the claim.

### IV.

■ The government also raises the statutory requirement that the claimant exhaust administrative remedies before commencing a court action. 28 U.S.C. § 2675(a). In the instant case, plaintiff filed her administrative claim a week after filing the action in this Court. Exhaustion of administrative remedies is a jurisdictional prerequisite to maintaining a suit under the FTCA. *E.g., Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir.1983). Nevertheless, where the administrative claim is subsequently filed and those remedies exhausted, the Court could consider the issue moot. *E.g., Clark v. United States*, 481 F.Supp. 1086, 1098–99 (S.D.N.Y.1979). In this instance, however, the claim is time barred and discussion of the case law on exhaustion and premature filing will not alter the outcome.

### V.

■ Finally, Mrs. Kramer contends that the statute of limitations did not begin to run in 1975 or 1976 because she was misled as to certain facts by the government. She argues that the government waived or should be estopped from asserting the statute by its conduct. As pointed out earlier, the § 2401 statute of limitations is jurisdictional and cannot be waived. *E.g., Lien v. Beehner*, 453 F.Supp. 604, 606 (N.D.N.Y.1978). Nor can the government's conduct operate to estop assertion of the time bar. *E.g., Pittman v. United States*, 341 F.2d 739 (9th Cir.), *cert. denied*, 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965). The rule is a harsh one, but it comports with the principle that where the sovereign consents to be sued, the terms and conditions of that consent are strictly interpreted. *Soriano v. United States*, 352 U.S. at 276, 77 S.Ct. at 273. As the United States Supreme Court declared, "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with." *Rock Island, A. & L.R. Co. v. United States*, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920).

■ Moreover, the conduct on which Mrs. Kramer seeks to base waiver or estoppel is the July 1975 testimony of a government employee that a number of named companies produced the necessary forgings, and that Canusa was not a sole source. Plaintiff claims that this statement misled her as to the importance of Canusa and therefore the knowledge that she had a cause of action against the government. Thus, she did not commence her suit until after she learned that Canusa was, in truth, the sole source of the blanks. The conduct complained of is inconsequential to knowledge of the cause of action. In 1974 Mrs. Kramer believed NEMPC to be the sole source of blanks, until she contacted Canusa. She then extracted a promise of confidentiality from the government before revealing Canusa's identity. She knew no later than July 1975 that the government had played some sort of intermediary role between Canusa and the company that took over Finast's government contract. She hardly needed more for her original allegations of conversion against the government, which were restated later by the Second Circuit as misappropriation

of a trade secret. And the information was certainly enough to trigger her duty to diligently search and discover relevant facts. *United States v. Kubrick*, 444 U.S. at 123–25, 100 S.Ct. at 360. In short, the conduct complained of does not amount to concealment of facts that would in any way delay plaintiff's knowledge of her injury and its cause, and so delay accrual of the claim by a year or more after July 1975 or January 1976.

### VI.

The Court concludes that plaintiff's action was commenced at least one year after the two-year limit for the filing of claims under the FTCA. 28 U.S.C. § 2401(b). The limit is jurisdictional and cannot be waived or extended by equitable considerations. Therefore, defendant's motion to dismiss is granted.

The Clerk of the Court is hereby ordered to enter judgment in defendant's favor, dismissing plaintiff's action as barred under 28 U.S.C. § 2401(b).

SO ORDERED.