**Jerome M. JOHNSON Plaintiff,**

v.

**UNITED STATES of America Defendant and Third Party Plaintiff,**

v.

**AIRPORT BAGGAGE CARRIERS, INC., t/a the Airport Connection, Inc. Third Party Defendant.**

**Civ. A. No. 86–1170–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 21, 1987.

David R. Rosenfeld, Alexandria, Va., for plaintiff.

Nash W. Schott, Asst. U.S. Atty., Alexandria, Va., for defendant.

### MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the court on the defendant United States of America's Motion to Dismiss plaintiff's complaint. The United States asserts that plaintiff failed to commence this action within the time provided by the Federal Tort Claims Act, 28 U.S.C. § 2401(b). For the reasons set forth below, the Motion to Dismiss is denied.

Plaintiff Jerome M. Johnson has filed this case under the Federal Tort Claims Act ("FTCA"). He seeks damages for negligently caused injuries, incurred when a portion of a light fixture fell from the ceiling at Washington National Airport and struck him. The United States has filed an answer and third party complaint against Airport Baggage Carriers, Inc.

### I

The basic facts are not in dispute:

1. The plaintiff alleges that on October 15, 1984, he was injured at Washington National Airport when a light fixture panel fell and hit him.

2. On January 28, 1985, the plaintiff submitted an administrative claim to the Federal Aviation Administration ("FAA") in conformity with 28 U.S.C. 2675(a).

3. On December 5, 1985, the FAA mailed a letter to plaintiff's former counsel advising him of the fact that his administrative claim had been denied. That letter advised plaintiff that if he was dissatisfied with the FAA's determination, he was required to initiate appropriate action in the United States District Court no later than six months after the date of the mailing of the notification.

4. The plaintiff's former attorney received the denial letter no later than December 12, 1985.

5. The letter was not mailed by certified or registered mail. It was mailed by first class mail.

6. On October 5, 1986, plaintiff's present attorney filed suit pursuant to the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671 *et seq.*

7. On December 5, 1986, the United States timely filed its answer and third party complaint.

### II

The United States argues that this action should be dismissed because plaintiff's complaint was untimely filed. Title 28, U.S.C. § 2401(b) sets forth the time limits for commencing an action against the United States:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The United States contends that the denial letter was mailed by the FAA on December 5, 1985, and that this case was not filed until more than ten months after the final

denial was mailed. The United States argues that although the FAA mailed the denial letter by regular mail rather than certified or registered mail the defect was harmless because plaintiff actually received the letter by December 12, 1985. They contend that denial of the Motion to Dismiss would elevate form over substance because the requirement of certified or registered mail was designed to benefit both the United States and the plaintiff by reducing uncertainty. *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896 (9th Cir.1969).

Plaintiff argues that 28 U.S.C. § 2401(b) specifically requires that the Federal agency's notice of final denial be sent by "certified or registered mail," and that the failure to do so bars the United States from asserting the six-month period of limitations. Plaintiff further argues that since the United States failed to respond to his administrative claim in the manner required by statute, he was only obligated to comply with the two-year statute of limitations.

On a Motion to Dismiss, dismissal is not warranted "unless it appears to a certainty that the [non-moving party] would be entitled to no relief under any state of facts which could be proven in support of its claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982).

In *Raddatz v. United States*, 750 F.2d 791, 797 (9th Cir.1984), the court held that an Army letter sent by regular mail, in denial of a medical malpractice claim, was insufficient to be a valid final denial of a claim against the Navy. The court pointed out that, although the letter was received, the requirements of 28 U.S.C. 2401(b) and 2675(a) are explicit in requiring the agency denying a claim to send it by registered or certified mail. The court noted: "A letter purporting to deny a claim by regular mail would raise serious doubts as to the letter's effectiveness, in light of the clear requirement of the statutory provisions." *Id.* at 797. *See also Miller v. United States*, 741 F.2d 148, 150 (7th Cir.1984). In both *Raddatz* and *Miller*, the letters suffered from other infirmities in addition to being improperly mailed. In the instant case, the only defect is the method by which the FAA sent the letter.

The FTCA's requirement that a suit be filed within the six-month period following an agency denial is, however, entitled to strict construction. *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971). *See also Three M Enterprises, Inc. v. United States*, 548 F.2d 293, 295 (10th Cir.1977). Courts have held that the FTCA must be "strictly interpreted and applied in granting relief," *Wood v. Standard Products Co., Inc.*, 671 F.2d 825, 829 (4th Cir.1982), and that a claimant must adhere strictly to the terms of the FTCA in order to maintain his suit against the government. *Kramer v. Secretary, U.S. Dept. of the Army*, 623 F.Supp. 505, 509 (E.D.N.Y.1985). In particular, "the statute of limitations on FTCA actions is a jurisdictional requirement that must be strictly construed by the courts and cannot be extended by equitable considerations." *Id.; see also United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979) (Section 2401(b) may not be construed so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims).

In this case, sending the letter by regular mail and not certified or registered mail as required by 28 U.S.C. 2401(b) is not in compliance with the statute. The requirement of registered or certified mail provides certainty and avoids disputes over whether plaintiff actually received the final denial. Congress could have written the statute to provide an exemption for cases in which there was actual receipt. Since they did not do so, it is not for this court to rewrite the statute.

Accordingly, defendant's Motion to Dismiss is denied.

An appropriate Order shall issue.