851 F.2d 356
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William L. BARRETT, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Air Force: Wilford
Hall Medical Center; James W. Bagnall; Clinton
E. Baisden; John L. Eady; Joseph
William Myers, Defendants-Appellees.
 No. 88-2034.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1988.
Decided: July 5, 1988.
 
 E.D.Va.
 VACATED AND REMANDED.
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Chief District Judge. (C/A No. 87-0053)
 William L. Barrett, appellant pro se.
 R.A. Renfer, Jr., Assistant United States Attorney, for appellees.
 Before WIDENER, K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Barrett brought this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2671 et seq. He alleged that the defendants forced him to undergo unnecessary chemotherapy and concealed and falsified his medical records in order to cover up evidence of medical malpractice. The district court dismissed the action, finding that it was time-barred by the limitations period set forth in 28 U.S.C. Sec. 2401(b). Because we find that the action was not time-barred, we vacate the dismissal and remand for further consideration of Barrett's complaint.
 
 
 2
 A tort claim against the United States is barred unless "begun within six months after the date of mailing ... of [a] notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. Sec. 2401(b). In this case, Barrett filed a series of administrative claims with the Air Force; the dispositive question is when the claims presented in the complaint now before the Court were finally denied for the purposes of Sec. 2401(b). In the first administrative claim, Barrett attempted to recover for a rib resection he underwent in December 1984 while he was on active duty in the Air Force. On January 23, 1986, the Air Force denied this claim on the basis of Feres v. United States, 340 U.S. 135 (1950). Barrett then filed a second claim seeking to recover for a second rib resection that he underwent post-discharge. This claim was denied on April 1, 1986 because the Air Force found there was no "failure to meet the applicable medical standards."
 
 
 3
 On June 12 and June 18, 1986, Barrett filed two more administrative claims. The June 12 filing attempted to reassert his claim based on the post-discharge rib resection which had previously been denied. The June 18 claim, however, raised for the first time the allegations that the defendants had forced him to undergo unnecessary chemotherapy and had concealed and falsified his medical records. The June 18 administrative claim (as well as the June 12 claim) was rejected by the Air Force on July 14, 1986 because it found that the claims presented therein had already been presented in Barrett's two earlier administrative claims which the Air Force had previously denied in the letters sent January 23 and April 1, 1986. This interpretation of the contents of the June 18 claim appears to be erroneous, however, since Barrett's earlier administrative claims dealt exclusively with the two rib resections and did not mention either falsification of records or chemotherapy. For this reason, we find that the Air Force's letter of July 14, not the letters of January 23 or April 1, should be considered the final denial of Barrett's falsification of records and chemotherapy claims.
 
 
 4
 Since Barrett did not file this action until January 23, 1987, more than six months after the July 14, 1986 denial of his administrative claims, this action would normally be barred by the limitations period of Sec. 2401(b). However, we conclude that the limitations period was tolled because the July 14 letter rejecting Barrett's claim did not meet certain procedural requirements. First, the July 14 letter did not include a statement that if Barrett was dissatisfied with the Air Force's action, he could file suit within six months. Such a statement is required by federal regulations. 28 C.F.R. Sec. 14.9. Its omission prevents the limitations period from running. See Dyniewicz v. United States, 742 F.2d 484, 486 (9th Cir.1984); Martinez v. United States, 728 F.2d 694, 698 (5th Cir.1984). Second, the July 14 letter was not sent by certified mail. Failure to send a letter of denial by certified mail as required by Sec. 2401(b) prevents the United States from asserting the six months limitations period. Johnson v. United States, 652 F.Supp. 407 (E.D.Va.1987). For these reasons, we conclude that Barrett's action is not time-barred.
 
 
 5
 Finally, though some portion of Barrett's claim may be barred by the Feres doctrine, it appears that most if not all of the wrongs he complains of occurred after his discharge in February of 1985. The precise extent to which Feres may apply to Barrett's complaint is an issue which we leave for the district court to consider on remand.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.