988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard BEARDEN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55652.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-92-0326-KN, David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Bearden appeals pro se the district court's dismissal of his action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The district court found that Bearden failed to file his complaint within the applicable statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Bearden allegedly suffered injuries when he was attacked on March 17, 1990 by a fellow inmate at the Metropolitan Detention Center in Los Angeles, where Bearden was incarcerated at the time. Bearden filed a timely administrative claim with the Bureau of Prisons alleging the staff was negligent in failing to prevent the attack. Bearden's administrative claim was denied in a letter dated September 28, 1990. This letter was mailed to Bearden by certified mail on October 3, 1990. Bearden filed his complaint in district court on April 26, 1991.
 
 
 4
 The Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), authorizes suits against the United States for money damages for personal injury resulting from the negligent or wrongful acts or omissions of United States employees acting within the scope of employment. The FTCA is a limited waiver of sovereign immunity. See 28 U.S.C. §§ 2401, 2674. To bring an action under the FTCA, a claimant must first file a written claim for money damages with the federal agency employing the negligent employee. 28 U.S.C. § 2675. Furthermore, a tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The requirements of section 2401(b) are jurisdictional. Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir.1984). If either requirement is not met, the action will be time barred. Id.
 
 
 5
 Here, the letter denying Bearden's claim was mailed by certified mail on October 3, 1990. Bearden filed his action on April 26, 1991, 23 days beyond the statutory period for filing.[1] See 28 U.S.C. § 2401(b). Thus, the district court correctly found that Bearden's action was time-barred. See Dyniewicz, 742 F.2d at 485.
 
 
 6
 Bearden contends that his failure to file his action timely constitutes excusable neglect because he retained an attorney who was supposed to file the action in a timely manner but failed to do so.[2] Bearden contends that he should not be penalized by losing his cause of action due to the negligence of his attorney. This contention lacks merit. It is well settled that a litigant is bound by the actions of his attorney. Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962); Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir.1985). Furthermore, even if Bearden could show excusable neglect, the statute of limitations under the FTCA is jurisdictional and therefore is not subject to equitable tolling. See Dyniewicz, 742 F.2d at 485; see also United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (section 2401(b) must be construed narrowly in light of the limited waiver of sovereign immunity under the FTCA).
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bearden first attempted to file his complaint on April 8, 1991, five days after the statute had run. This initial complaint was not accepted for filing because Bearden failed to comply with court rules
 
 
 [2]
 Bearden was unable to retain the attorney and subsequently applied for and received leave to proceed in forma pauperis
 
 
 [3]
 Bearden also contends the district court erred by denying his motion for a legal furlough to attend the hearing on the United States' motion to dismiss. The district court, on its own motion, vacated the hearing and ordered the motion submitted on the papers. See U.S.Dist.Ct.C.D.Cal.Local R. 7.11. Under these circumstances, we find no abuse of discretion in the district court's denial of Bearden's request to appear at the hearing. See Yusov v. Yusuf, 892 F.2d 784, 787-88 (9th Cir.1989)