24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Howard L. BOERS, et al., Plaintiffs-Appellants,
v.
UNITED STATES of America, U.S. Department of Agriculture and
Richard Smiley, Defendants-Appellees.
 No. 92-16508.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1994.
Decided May 2, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs, Howard and Donna Boers and Michael and Dana Boers applied for and received an FmHA loan in order to purchase some property in Maricopa County in 1980 for a farm and dairy ranch. The plaintiffs' farming operation failed and the FmHA foreclosed on their loan in 1987. Plaintiffs' financial difficulties were caused by a combination of circumstances. First, their milk was contaminated by DDE that the government had sprayed between 1958 and 1966; second, their land was infested with stem nematode which destroyed plaintiffs' alfalfa crops; and third, some of plaintiffs' FmHA loans were delayed or denied, allegedly due to governmental negligence or intentional misconduct. The government was aware of both the DDE spraying and the stem nematode infestation at the time that the Boers purchased the land with the FmHA loan.
 
 
 3
 Plaintiffs brought an administrative claim in July 1989. After their administrative claim had been denied, plaintiffs filed one complaint (the "RICO complaint") against the United States, the United States Department of Agriculture, and Richard Smiley, the former Arizona director of the FmHA, alleging RICO, Privacy Act, and FTCA claims. The Boers also filed a related negligence action against the United States and the United States Department of Agriculture under the FTCA (the "FTCA complaint").
 
 
 4
 The defendants answered both complaints, and the United States and the Department of Agriculture then filed a joint motion to dismiss plaintiffs' RICO claim, arguing that the claim was barred by sovereign immunity and that the complaint should be dismissed for failure to comply with the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. While the Privacy Act and FTCA claims in the RICO complaint were not specifically mentioned, the United States had filed a separate motion to dismiss plaintiffs' FTCA complaint on the grounds that it was barred by the FTCA's two-year statute of limitations.
 
 
 5
 The district court granted the defendants' motions to dismiss on June 15, 1992. In its dismissal of the RICO complaint, the district court first incorporated by reference its separate disposition dismissing plaintiffs' FTCA complaint on statute of limitations grounds. This, apparently, was the basis for the district court's dismissal of plaintiffs' FTCA and Privacy Act claims. Next, the court dismissed plaintiffs' RICO claim on the ground that "plaintiffs' RICO claims wholly fail to satisfy the Rule 9(b) pleading requirement." The court then announced that in light of these rulings, "there remaining no other defendants or causes of action, the clerk shall enter judgment accordingly."
 
 
 6
 Plaintiffs filed a Rule 59(e) motion to amend the judgment on June 29, 1992, the last possible day for filing such a motion. Plaintiffs then forwarded a Memorandum of Points and Authorities in support of that motion two days later, on July 1, 1992. This motion was arguably untimely, due to Local Rule 11(b) which provides that "[u]pon any motion, the moving party shall serve and file with the motion papers, a memorandum ... of [points and authorities]." Before the district court had ruled on their Rule 59(e) motion, plaintiffs filed the instant appeal in the RICO action.[1] Before calendaring, a motions panel of this court remanded the case to the district court to determine whether a timely motion for reconsideration was pending. In response, the district court indicated that no such motion was before it. We therefore reach plaintiffs' claims on the merits.
 
 I. FTCA and Privacy Act Claims
 
 7
 The district court dismissed the plaintiffs' FTCA and Privacy Act claims, reasoning that because the events giving rise to that lawsuit all occurred between 1977 and January 1987 plaintiffs' administrative claim, filed on July 25, 1989, had been untimely under the FTCA's two-year statute of limitations. See 28 U.S.C. Sec. 2401(b).[2] In so ruling, the district court rejected plaintiffs' contention that the statute of limitations had not begun to run until September 1987, when in the context of another suit, they first learned of the government's alleged negligence in handling their loan.
 
 
 8
 On appeal, plaintiffs reiterate their argument that the discovery rule should be applied to toll the statute of limitations on their tort and Privacy Act causes of action until September, 1987, when they learned of the causal connection between the FmHA's alleged negligent loan handling and the failure of their farm. They rely principally on cases applying the discovery rule to situations involving a physical injury or illness. In those cases, the courts held that the plaintiffs' actions did not accrue until both the "injury" and its "cause" were known. See United States v. Kubrick, 444 U.S. 111 (1979) (plaintiff's cause of action accrued when he became aware of the link between his hearing loss and the treatment provided at a VA hospital); Rosales v. United States, 824 F.2d 799 (9th Cir.1987) (medical malpractice claim accrued when plaintiff learned that her baby's retardation was caused by an IUD); Raddatz v. United States, 750 F.2d 791 (9th Cir.1984) (medical malpractice claim accrued when plaintiff learned that the doctor's treatment had caused the infection of her already perforated uterus).
 
 
 9
 In holding that a cause of action does not accrue until a plaintiff knows of an injury's cause as well as the injury itself, however, these cases also make clear that "cause" refers to the actual physical cause of the injury, and not necessarily the negligent actions of a particular defendant. See Kubrick, 444 U.S. 111 (veteran's cause of action accrued when he learned of the link between the antibiotic and his hearing loss, even though he did not at that time know that the administration of the drug had been improper and negligent); Dyniewicz v. United States, 742 F.2d 484 (9th Cir.1984) (plaintiff's cause of action accrued at the time of their parents' fatal accident, even though they did not know that negligence of government employees may have contributed to the accident).
 
 
 10
 The "injury" plaintiffs identify here is the loss of their farm, and attendant financial and emotional setbacks.[3] The cause of these injuries was a combination of the DDE spraying, the stem nematode infestation, and the lack of adequate and timely loan financing. Plaintiffs were well aware of all three of these causes well before September of 1987. The fact that they did not learn of the alleged negligence of the FmHA that contributed to their loan being financed despite the stem nematode infestation and perhaps caused the various delays in getting their loans funded did not toll the statute of limitations. See Dyniewicz, 742 F.2d 484.
 
 II. RICO
 
 11
 The district court dismissed plaintiffs' RICO claim for failure to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b). On appeal, the plaintiffs contend that (1) their complaint adequately pled RICO, and (2) the district court erred in dismissing their complaint without giving them an opportunity to amend.[4]
 
 
 12
 The district court correctly dismissed plaintiffs' RICO complaint for failure to comply with Rule 9(b). See Moore v. Kayport Package Exp., 885 F.2d 531, 541 (9th Cir.1989). As the district court noted, "based on the complaint, it is impossible to define what was allegedly done, when it was allegedly done, how it was allegedly done, and precisely who allegedly committed any of the asserted predicate acts."
 
 
 13
 Although plaintiffs now assert that they were not given an opportunity to amend their complaint, they did not request permission to amend their complaint before the district court prior to dismissal, even in the face of the government's clear contention in its motion to dismiss that the complaint was inadequate. Because the government had filed its answer, leave to amend had to be obtained. See Fed.R.Civ.P. 15(a). At no time, either before the district court or on appeal, have the plaintiffs indicated how they might amend their complaint to state a valid cause of action under RICO. Moreover, we cannot perceive any basis for a meritorious RICO claim in the circumstances of this case. Leave to amend is therefore not required.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Plaintiffs do not appeal the dismissal of their FTCA complaint
 
 
 [2]
 The Privacy Act also contains a two-year statute of limitations. 5 U.S.C. Sec. 552a(g)(5)
 
 
 [3]
 Plaintiffs allege no separate ascertainable Privacy Act injuries
 
 
 [4]
 Plaintiffs also contend that the district court erred in denying their motion to withdraw that portion of their response to the defendants' motion to dismiss in which they conceded that RICO was inadequately pled against the government defendants. Because the district court did not rely on the plaintiffs' concession, but determined on the merits that plaintiffs' complaint was inadequate, any error in this respect was harmless