61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marla Jean HARTMAN, Plaintiff-Appellant,
v.
UNITED STATES of America, and DOES 1 through 99, Defendants-Appellees.
 No. 93-56644.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1995.
Decided July 12, 1995.
 
 Before: McKAY,*REINHARDT, AND FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marla Jean Hartman appeals the district court's dismissals of claims she brought pursuant to the Federal Torts Claims Act (FTCA) in connection with her treatment at Veteran's Administration (VA) hospitals in the 1960s. We affirm.
 
 I.
 
 3
 In 1964, Hartman injured her knees while playing softball during her service in the U.S. Army. Although she had cartilage removed from her right knee in October of that year, she continued to experience pain and sought further treatment at VA hospitals in 1966 and 1968. In 1992, approximately 25 years later, Hartman filed a complaint in federal district court alleging a range of negligent conduct on the part of the government in connection with that treatment.
 
 
 4
 The claims at issue on appeal primarily concern the VA's surgery and treatment of Hartman's left and right knees. Specifically, she contends that the VA acted negligently in removing her right patella in 1966 even though it was not damaged in any way and that the VA acted negligently in 1968 in removing her left patella. She also claims that removal of the left patella constituted battery because it was removed for "no medical reason or necessity" and "without the consent or knowledge of the plaintiff."
 
 
 5
 In addition, Hartman appeals the district court's dismissal of her claim for fraudulent concealment. She asserts that the VA informed her that the injuries to her knees would "heal in due time" in order to prevent Hartman "from consulting with other physicians concerning the injuries, and refrain from seeking redress for her injuries."[1]
 
 
 6
 The government asked the district court to either dismiss the claims or grant summary judgment pursuant to 28 U.S.C. Sec. 2401(b) of the FTCA. That section requires a plaintiff to file an action against the government within two years of the date of accrual. The district court granted the motion to dismiss. It concluded that all but the fraudulent concealment claims were time-barred and dismissed them with prejudice. It dismissed the fraudulent concealment claim without prejudice and with leave to amend on the ground that it was not pled with sufficient specificity. Hartman appealed.[2]
 
 II.
 
 7
 We first consider the question whether Hartman's claims survive the government's "speaking" motion challenging them as time-barred. Viewing the evidence in the light most favorable to the appellant, we conclude that they do not, because there is no genuine issue of material fact concerning their lack of timeliness. See Trentacosta v. Fronteir Pacific Aircraft Industries, 813 F.2d 1553, 1558-59 (9th Cir. 1987).[3]
 
 
 8
 Section 2401(b) of the FTCA "bars any claim against the United States unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues."' United States v. Kubrick, 444 U.S. 111 (1979) (quoting). A claim accrues at the time when "'the plaintiff has discovered, or in the exercise of reasonable diligence should have discovered, both its injury and its cause."' Augustine, 704 F.2d at 1078 (quoting Davis v. United States, 642 F.2d 328, 331 (9th Cir. 1981)).
 
 
 9
 This Circuit, in keeping with Kubrick, has held that "cause" refers to the immediate physical action which led to the injury and not to the breach of the legal duty. When the claimed negligence results from the government's affirmative act, rather than its misdiagnosis, a plaintiff must ordinarily file his FTCA claims within two years of the date of the act. Outman v. United States, 890 F.2d 1050, 1052 (9th Cir. 1989); Dyniewicz v. United States, 742 F.2d 484, 486 (9th Cir. 1984).
 
 
 10
 At first glance, it would seem clear that Hartman's claims are time-barred as she does not dispute that the immediate physical causes of her injury were knee surgeries that occurred approximately a quarter of a century before she filed suit. Nonetheless, Hartman contends that her claims are not time-barred and that Outman's rule does not apply.
 
 
 11
 Hartman argues that she cannot be charged with having had knowledge of her injury until the late 1970s, when for the first time she experienced pain in her knees that exceeded the pain that her doctors had told her to expect following surgery. See Colleen v. United States, 843 F.2d 329 (9th Cir. 1987); Rosales v. United States, 824 F.2d 799 (9th Cir. 1987); Raddatz v. United States, 750 F.2d 791, 796 (9th Cir. 1984). She then contends that, upon discovering her "injury", she was "reasonably diligent" in pursuing its cause because in 1980 she requested her government medical records. Finally, she argues that her failure to file her action until 1992 was justified because the records that she received in 1980 omitted a critical pathology report which showed her right patella to have been healthy at the time of surgery. Thus, she contends that her cause of action did not truly accrue until 1991, when she finally received the missing pathology report.
 
 
 12
 Even if Hartman was not aware of her "injury" until the late 1970s, she has still failed to provide any evidence that she then undertook the kind of diligent pursuit to discover the "cause" of her injury that would warrant an exception to Outman.[4] By her own admission, prior to 1991 she made only one request for records concerning her surgery, and that was in 1980 in connection with a claim for disability benefits. Moreover, Hartman did not seek the opinion of an outside medical expert concerning the cause of her knee pain until 1991, more than a decade after she contends that she first knew that she had been "injured".
 
 
 13
 In sum, the record reveals that until 1991, Hartman's efforts to discover the cause of an injury which, under any standard, she had been aware of for at least a decade amounted to no more than occasional visits to government doctors[5] and one request for medical records that was designed to serve an entirely different end. Given the amount of time that passed from the date of surgery to the date of "discovery", and the similarly substantial amount of time that elapsed between the date of "discovery" and the date on which she filed her action, she would have to present far more evidence of "reasonable diligence" than she has offered in order to create a triable issue of fact as to the timeliness of her claims.[6]
 
 
 14
 Finally, the allegations in Hartman's fraudulent concealment claim are general and conclusory. Accordingly, dismissal of this claim should be affirmed as well.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Monroe G. McKay, Senior Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The complaint also alleges intentional and negligent infliction of emotional distress on the basis of numerous incidents -- some of which occurred as recently as 1990 and many of which bear no relation to the knee surgery. However, these claims have been abandoned on appeal. In addition, the complaint makes general allegations of negligent treatment regarding numerous other operations. Because the complaint does not specify when those operations occurred or what transpired during them, and because Hartman does not refer to them in her brief on appeal, we do not consider these claims either
 
 
 [2]
 Hartman informed the district court that she intended to stand on her complaint and a judgment was entered. Thus, we have jurisdiction over the appeal under 28 U.S. Sec. 1291. McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir. 1992); Carson Harbor Village Ltd. v. City of Carson, 37 F.3d 3d 468, 471 n.1 (9th Cir. 1994)
 
 
 [3]
 Federal courts lack jurisdiction to hear time-barred FTCA claims. Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir. 1983). Thus, the district court had the authority to dismiss the case for lack of jurisdiction in response to the government's speaking motion. Trentacosta, 813 F.2d at 1558-59
 
 
 [4]
 Hartman also presses a continuous patient exception to the two-year time-bar under the FTCA. Even if she could be considered a continuous patient of the VA until 1991, this circuit has conclusively rejected the continuous patient doctrine. See Outman, 890 F.2d at 1053 (relying on Ashley v. United States, 413 F.2d 490, 492 (9th Cir. 1969))
 
 
 [5]
 Although Hartman visited private physicians during this time, she concedes in her opposition to the government's dismissal motion that she did not do so for the purpose of determining the cause of her injury, and did not explore the question during those visits
 
 
 [6]
 Given Hartman's minimal efforts to discover the cause of her injury, we do not believe that she would be entitled to benefit from the analysis set forth in Harrison v. United States, 708 F.2d 1023 (5th Cir. 1983), even if we were to follow it in this circuit