## Jack R. WHITEHORN, Plaintiff–Appellant,

v.

## FEDERAL COMMUNICATIONS COMMISSION, Defendant–Appellee.

No. 02–17383.

D.C. No. CV–02–00522–PMP.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 14, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument, and denies Whitehorn's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Jack R. Whitehorn appeals pro se the district court's judgment dismissing his action alleging violations of the Federal Tort Claims Act ("FTCA") and 42 U.S.C. §§ 1983 and 1985 in connection with the Federal Communication Commission's ("FCC") transfer of two radio licenses. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6), *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir.2001), and may affirm for any reason supported by the record, *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1062 (9th Cir.2001). We affirm.

The district court properly dismissed as time-barred Whitehorn's claims under the FTCA because his cause of action accrued more than two years before he filed the present action. *See* 28 U.S.C. § 2401(b); *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir.1984) (explaining that claimants must comply with both two-year and six-month limitations periods).

Likewise, the district court properly dismissed as time-barred Whitehorn's 42 U.S.C. §§ 1983 and 1985 claims pertaining to the transfer of the radio licenses. *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711–12 (9th Cir.1993) (per curiam) (explaining that state personal injury statute of limitations applies to claims brought pursuant to sections 1983 and 1985); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989) (per curiam) (applying Nevada's two-year personal injury statute of limitations to section 1983 claim).

** This disposition is not appropriate for publication and may not be cited to or by the

Whitehorn's allegations pertaining to the FCC's August 10, 2000 order, which warned Whitehorn not to file further pleadings against WFDR(AM) and WVFJ–FM, fail to demonstrate a deprivation of liberty or property sufficient to implicate the due process clause. *See, e.g., W. Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1432 (9th Cir.1985) (discussing liberty and property interests). Accordingly, the district court properly dismissed this claim without leave to amend. *Cf. Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc).

Whitehorn's remaining contentions are unpersuasive.

**AFFIRMED.**