Matthew D. PINNAVAIA,
Petitioner–Appellant,

v.

FEDERAL BUREAU OF INVESTI-
GATION, Respondent–Appellee.

No. 05–56412.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

Matthew D. Pinnavaia, Oceanside, CA,
pro se.

Karen Hewitt, U.S. Attorney, USSD—
Office of the U.S. Attorney, San Diego,
CA, for Respondent–Appellee.

Before: ALARCÓN, HALL, and PAEZ,
Circuit Judges.

MEMORANDUM **

Matthew D. Pinnavaia appeals pro se
from the district court's judgment dismiss-
ing his action alleging defendants violated
his constitutional rights and the Privacy
Protection Act, 42 U.S.C. § 2000aa *et seq.*,
during a search of his residence. We have

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir.2001) (subject matter jurisdiction); *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001) (failure to state a claim), and we affirm.

The district court properly concluded that Pinnavaia failed to state a claim against the Federal Bureau of Investigation ("F.B.I.") and the Department of Justice for alleged constitutional violations. *See Thomas–Lazear v. F.B.I.,* 851 F.2d 1202, 1207 (9th Cir.1988) ("the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations"); *see also F.D.I.C. v. Meyer,* 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (declining to recognize a direct action for damages against federal agencies). Moreover, any potential constitutional claims against the individual F.B.I. agents who conducted the search would be barred by the statute of limitations. *See Jones v. Blanas,* 393 F.3d 918, 924 (9th Cir.2004).

■ The district court also properly concluded it lacked jurisdiction over Pinnavaia's negligence claim because Pinnavaia does not allege he filed an administrative claim within two years of the date of the search as required by the Federal Tort Claims Act, 28 U.S.C. § 2401(b). *See Dyniewicz v. United States,* 742 F.2d 484, 485 (9th Cir.1984).

■ Finally, the district court properly dismissed Pinnavaia's claims under the Privacy Protection Act, because Pinnavaia concedes he was a criminal suspect and that his residence was searched pursuant to a valid warrant. *See United States v. Mittelman,* 999 F.2d 440, 443 (9th Cir.

1993) (Privacy Protection Act "does not apply to criminal suspects ... nor does it require any showing greater than probable cause in order to secure a warrant for a search ...").

Pinnavaia's remaining contentions lack merit.

**AFFIRMED.**

