**Helen HEIMILA and Erik Heimila,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. CV 81–2774.**

United States District Court,
E. D. New York.

Aug. 4, 1982.

Sarisohn, Sarisohn, Carner, Thierman, Steindler & Lebow, Commack, N. Y. by Ronald S. Carner, Commack, N. Y., for plaintiffs.

Beryl Jones, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, Circuit Judge.*

On August 3, 1981, plaintiffs Helen and Erik Heimila filed this action pursuant to the Federal Tort Claims Act (FTCA), 28

* Of the United States Court of Appeals for the    Second Circuit, sitting by designation.

U.S.C. §§ 2671, *et seq.,* alleging that Mrs. Heimila was injured on September 6, 1979, at the Ronkonkoma Post Office as the result of defendant's negligence. By motion returnable June 16, 1982, defendant moves to dismiss the complaint on the ground, *inter alia,* that plaintiffs' claims are barred by the statute of limitations.

■ In a suit brought pursuant to the FTCA, the applicable statute of limitations is that found in 28 U.S.C. § 2401. *See Childers v. United States,* 442 F.2d 1299, 1300 (C.A.5). Section 2401(b) provides that

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Since the FTCA represents a waiver of the government's immunity from tort claims, courts have held that the limitations and conditions attached to this waiver of immunity must be strictly construed. *See, e.g., Rosario v. American Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1231 (C.A.3 1976); *Childers v. United States, supra; Mann v. United States,* 399 F.2d 672 (C.A.9 1968).

The facts before the court on this issue are not in dispute. Mrs. Heimila was allegedly injured on September 6, 1979, and she submitted a claim for damages to the postal service pursuant to the requirement that all claims be presented to the appropriate federal agency before judicial proceedings are instituted. 28 U.S.C. § 2675. By letter dated May 22, 1980, the postal service offered to settle the claim for $1,000. The letter also stated that

[i]n the event this settlement offer is not acceptable then your client *may treat this letter as a denial of your claim and file suit against the United States in the appropriate federal district court within six months from the date of this letter.* (emphasis supplied).

Plaintiff did not accept the settlement offer and filed this suit on August 3, 1981.

As this recitation of facts indicates, suit was instituted within two years of the date the claim accrued, but more than six months after the notice of final denial of the claim was mailed. Therefore, plaintiffs' claim was not filed within the statute of limitations provided in 28 U.S.C. § 2401(b) and must be dismissed.

■ Plaintiff argues that there was no notice of final denial because the letter of May 22, 1980, stated "your client *may* treat this letter as a denial". (emphasis supplied). However, the May 22nd letter clearly gave plaintiffs two choices: to accept the settlement offer or to treat the letter as a denial of claim and file suit in the district court within six months.

In *Claremont Aircraft, Inc. v. United States,* 420 F.2d 896 (C.A.9 1970), where the plaintiff received a letter containing language nearly identical to that found in the present case, the court found that plaintiff's suit was barred although instituted within two years from the date the claim accrued, but more than six months after the final notice of denial was mailed. *Id.* at 897. *See Childers v. United States, supra,* 442 F.2d at 1301. Section 2401(b) mandates the same result in this case.

Since plaintiffs' suit is barred by the statute of limitations, it is not necessary to address defendant's other grounds for summary judgment dismissing the complaint. The clerk is directed to enter summary judgment for defendant dismissing the complaint.

SO ORDERED.