**Mildred JERVES, Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 90–16749.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1992.

Decided June 11, 1992.

Henry N. Kitamura, Shim, Tam, Kirimitsu, Kitamura & Chang, Honolulu, Hawaii, for plaintiff-appellant.

Ted Meeker, Asst. U.S. Atty., Honolulu, Hawaii, for defendant-appellee.

Before: FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.

FLETCHER, Circuit Judge:

Mildred Jerves appeals the dismissal of her action against the United States for lack of subject matter jurisdiction. We affirm.

## I.

On September 1, 1987, Mildred Jerves fell and broke her leg at the Pearl Harbor Naval Base Commissary. After her fall, she filed a $250,000 damages claim against the United States with the Naval Legal Service Office (NLSO), the appropriate federal agency. Less than five months later, on December 28, 1989, she commenced this action against the United States in district court. In a judgment entered on October 26, 1990, the district court dismissed the suit for lack of subject matter jurisdiction. Jerves timely appeals.

## II.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 (1988) (FTCA), waives the sovereign immunity of the United States for actions in tort. The Act vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees. However, the Act further provides that before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim. Thus, 28 U.S.C. § 2675(a) reads, in relevant part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of

any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (1988).

■ As we noted in *Caton v. United States*, 495 F.2d 635, 638 (9th Cir.1974), "[t]he statutory procedure is clear." A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made. *Id.* We have repeatedly held that this "claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir.1985); *see also Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir.1991) ("The claim requirement of § 2675(a) is a jurisdictional limitation."); *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir.1986).

■ Jerves filed an administrative claim with the NLSO on August 8, 1989. On August 14, 1989, she received a letter from the agency acknowledging receipt of her claim. The letter stated that the agency was "now in the process of having this incident investigated. After we have completed our investigation you will be notified as to the disposition of the claim ... This letter should not be construed as an admission of liability or a waiver of any right or defense of the United States." On December 6, 1989, Jerves received another letter from the NLSO offering to settle her claim for $15,000. Jerves did not respond to the offer but instead, on December 28, 1989, filed this action in district court. Subsequently, on February 14, 1990, she received

a final letter from the NLSO denying her claim in light of her failure to respond to the settlement offer and advising her of her right to bring suit in district court.

Jerves, therefore, has not met the jurisdictional requirements of Section 2675(a). She commenced this action before receiving the NLSO's final denial of her claim on February 14, 1990, and without allowing six months to elapse from the date of her initial administrative filing. On these facts, the district acted correctly in dismissing her suit for lack of subject matter jurisdiction. *See Caton*, 495 F.2d at 638–39.

■ Jerves argues, however, that the letter received by her counsel from the NLSO on December 6, 1989 represented a conclusive rejection of her claim and warranted the filing of suit shortly thereafter. The language of the letter, however, belies this argument. After a brief introduction, the letter states as follows:

> This office has concluded its preliminary investigation into this matter. Without admitting liability and without prejudice, the United States of America is willing to settle all claims of Mrs. Mildred Jerves for the sum of $15,000.00.
>
> In your telephone conversation with Lieutenant Penick on October 24, 1989, you stated that Mrs. Jerves had received all of her medical treatment from Tripler Army Medical Clinic. I feel that $15,000.00 in addition to the medical treatment your client has already received at government expense should be adequate to compensate her for her loss. A settlement agreement for that amount is enclosed.
>
> If you have any questions, please contact Lieutenant Penick at 471–0291.

Nowhere in the letter does the NLSO declare that it has reached a final conclusion regarding Jerves' claim. To the contrary, the agency simply states that it has completed its preliminary investigation into her accident. Although the NLSO does not admit liability neither does it deny liability on behalf of the United States for Jerves' injury. Nor does it inform Jerves that her next step, should she be dissatisfied with

the letter's contents, is to file suit in district court. Instead, the NLSO offers Jerves $15,000 in resolution of her claim, and provides an explanation as to why it considers this amount appropriate. It also invites further inquiry. The offer is not of a "take-it-or-leave-it" variety. Further communication between the agency and Jerves is not foreclosed, and additional settlement negotiations appear possible.

Furthermore, the letter does not comply with the requirements of 28 C.F.R. § 14.9(a), which provides that the

> [f]inal denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial *and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.*

28 C.F.R. § 14.9(a) (1991) (emphasis added). Jerves therefore bore no risk that, in failing to treat the December 6 letter as a final denial, she would run afoul of 28 U.S.C. § 2401(b), which provides that an individual must commence court proceedings within six months of an agency's rejection of her grievance. In *Dyniewicz v. United States,* 742 F.2d 484 (9th Cir.1984), we observed that Section 14.9's requirement that an agency include language in its final denial letter concerning the right to bring suit in district court provides an individual "with a clear landmark that [her] claim has been denied and that [Section 2401(b)'s] six month clock has begun to run." *Id.* at 486. We rejected the Government's efforts to dismiss a suit brought over six months after the receipt of a letter which failed to include such language. Thus, prudence did not require that Jerves file suit upon receiving the NLSO's letter of December 6.

The cases cited by Jerves in support of her construction of the NLSO letter provide her with little comfort. In *Dyniewicz,* we simply held that the Government could not treat as final an agency letter which failed to include Section 14.9's mandatory language. While we did state that a "prudent attorney might have suspected [that the letter in question], being certified, was meant as a final denial of appellant's claim," *id.* at 486, that letter was very different in nature from the initial letter received by Jerves. Far from constituting a settlement offer, the *Dyniewicz* letter informed the recipients that their claim was time-barred. Again, the "final" letter in *Hatchell v. United States,* 776 F.2d 244 (9th Cir.1985), differed in significant respects from the one received by Jerves. "The letter, addressed to Hatchell's attorney, stated that the claim was denied, that the letter itself was notice of the denial, and that suit must be brought within six months in the United States district court." *Id.* at 245. Similarly, in *Claremont Aircraft, Inc. v. United States,* 420 F.2d 896 (9th Cir.1970), a letter denying outright an individual's claim and informing him of his option to file suit in district court within six months was "final." The courts in *Heimila v. United States,* 548 F.Supp. 350 (E.D.N.Y.1982), *Whealton v. United States,* 271 F.Supp. 770 (E.D.Va.1967), and *Rahman v. United States,* 119 F.Supp. 406 (E.D.N.Y.1954), likewise construed as final agency letters which either denied liability or foreclosed further administrative recourse in a manner that distinguishes them from the letter received by Jerves here.

In *Anderson v. United States,* 803 F.2d 1520 (9th Cir.1986), we observed that one of Congress' central objectives in enacting § 2675(a) was to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts. *Id.* at 1522. To allow a claimant to respond to an agency's settlement offer which does not foreclose further negotiations by filing suit in district court would run completely counter to this purpose. We cannot permit Jerves to commence an action in district court prior to the fulfillment of the conditions established by Section 2675(a).

### III.

■ Jerves argues that even if we decline to construe the NLSO letter of De-

cember 6 as a dispositive rejection of her claim, and thus find her to have violated the express language of Section 2675(a), we should nevertheless reverse the district court's dismissal of her action because no substantial progress had been made in the action by the time the NLSO conclusively denied her claim on February 14, 1990. In support of her argument, Jerves points to the decision in *Celestine v. Veterans Admin. Hosp.*, 746 F.2d 1360 (8th Cir.1984), where the Eighth Circuit held that a FTCA action which had been initiated prior to the filing of any administrative claim could nevertheless be maintained because the plaintiff had exhausted his administrative remedies before substantial progress had been made in his suit. The Third Circuit reached a similar conclusion in *Kubrick v. United States*, 581 F.2d 1092 (3d Cir.1978), a decision which was subsequently overruled by the Supreme Court on other, though not entirely unrelated, grounds. *See United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

However, we have never adopted a doctrine akin to that espoused by the Third and Eighth Circuits. We have instead emphasized that the administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to. *See, e.g., Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir.1991); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir.1985). This is particularly so since the FTCA waives sovereign immunity. "Any such waiver must be strictly construed in favor of the United States." *Ardestani v. United States*, — U.S. —, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991). Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions. Given the clarity of the statutory language, we "cannot 'enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit.'" *Hatchell*, 776 F.2d at 246 (quoting *Claremont Aircraft*, 420 F.2d at 898) (in turn quoting *Mann v. United States*, 399 F.2d 672, 673 (9th Cir.1968)).

Indeed, the very argument that Jerves makes in favor of a looser construction of Section 2675(a) illustrates its flaws. Jerves contends that she should be allowed to maintain her lawsuit because it had evidenced little progress by the time the NLSO conclusively denied her claim in February of 1990. However, Section 2575(a) provides that a litigant may deem an agency to have finally denied her claim once six months have elapsed from the filing of that claim. If lack of progress in the suit is to be the test, litigants would generally be free to commence proceedings in district court without waiting for an agency to act on their claims because six months will almost always elapse before substantial progress is made in their suits. Adoption of Jerves' position would thus strip Section 2675(a) of much of its force. A proper respect for the enactments of Congress counsels against such a result.

IV.

Because Jerves failed to comply with the administrative claim requirements of the FTCA, the district court correctly dismissed her suit for lack of subject matter jurisdiction.

**AFFIRMED.**