988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel ANDRISANI, Plaintiff-Appellant,
v.
MOJAVE PIPELINE COMPANY; Kern River Gas Transmission
Company; Marvin Middle, Senior Right-Of-Way Agent; Federal
Energy Regulatory Commission/California Public Utilities
Commission; Klein, Wegis, Denatale, Hall, Goldner and Muir,
Defendants-Appellees.
 No. 91-56222.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-2861-WJR; William J. Rea, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Andrisani appeals pro se the district court's dismissal of his action for lack of subject-matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Building Material & Dump Truck Drivers, Local 420 v. Traweek, 867 F.2d 500, 505 (9th Cir.1989), and affirm.
 
 
 3
 Andrisani contends for several reasons that the district court had subject-matter jurisdiction. First, Andrisani contends that defendant Mojave Pipeline Company asserted in a brochure that it is subject to federal jurisdiction and that all the defendants admittedly engage in interstate activity. Nevertheless, "[i]t is the traditional rule that the parties cannot by consent, waiver or estoppel obtain federal subject matter jurisdiction." Sullivan v. First Affiliated Secs., Inc., 813 F.2d 1368, 1374 (9th Cir.), cert. denied, 484 U.S. 850 (1987). Andrisani's contention therefore lacks merit.
 
 
 4
 Second, Andrisani contends the district court had jurisdiction under 28 U.S.C. § 1358. This contention also lacks merit. Section 1358 provides for district court jurisdiction only in eminent domain proceedings initiated by the United States. Id.; Town of North Bonneville v. United States Dist. Court, 732 F.2d 747, 750 (9th Cir.1984) ("[t]he [d]istrict [c]ourt has original jurisdiction of all proceedings in condemnation brought by the United States " (emphasis added)). This action is neither an eminent domain proceeding nor was it brought by the United States.
 
 
 5
 Third, Andrisani contends the district court had jurisdiction under 28 U.S.C. § 1346. To the extent Andrisani contends jurisdiction was proper under 28 U.S.C. § 1346(a)(2) (the "Little Tucker Act"), this contention lacks merit. The Little Tucker Act confers jurisdiction on district courts only in cases not sounding in tort and where damages are less than $10,000. Id. Here, Andrisani alleged the defendants were liable for fraud, misrepresentation, bad faith negotiations, and perjury. In addition, he sought damages in excess of $10,000. His action thus fails to meet either jurisdictional requirement of the Little Tucker Act.
 
 
 6
 Andrisani's contention also lacks merit to the extent he asserts jurisdiction was proper under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2674. Individuals who seek to file an FTCA action against the United States in district court must first seek administrative resolutions of their claims. See 28 U.S.C. § 2675(a); Jerves v. United States, 966 F.2d 517, 518 (9th Cir.1992). This requirement is jurisdictional in nature and may not be waived. Jerves, 966 F.2d at 519. Here, there is no evidence that Andrisani exhausted his administrative remedies and, therefore, the district court did not have jurisdiction under the FTCA.
 
 
 7
 Fourth, Andrisani contends the district court had diversity jurisdiction. This contention also lacks merit. Diversity jurisdiction under 28 U.S.C. § 1332 is proper only when the plaintiff and each defendant are citizens of different states. Id.; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Faysound Ltd. v. United Coconut Chems., Inc., 878 F.2d 290, 294-95 (9th Cir.1989). Andrisani's complaint shows that he and several of the defendants are citizens of California. Accordingly, the district court did not have diversity jurisdiction.
 
 
 8
 Finally, Andrisani contends the district court had general federal question jurisdiction under 28 U.S.C. § 1331 because this case arises under federal law. Specifically, Andrisani argues that this case arises under 15 U.S.C. § 717f(h), a provision of the Natural Gas Act of 1938 that, in general, allows natural gas companies to exercise the right of eminent domain. Andrisani also maintains that federal question jurisdiction is proper because this case involves interstate commerce.
 
 
 9
 Generally, an action arises under federal law if either: (1) a federal statute creates the claim; or (2) a substantial question of federal law is a necessary element of the claim. Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1383 (9th Cir.1988), cert. denied, 488 U.S. 1006 (1989). "[T]he federal-law element must appear on the face of plaintiff's well-pleaded complaint.... This means that a plaintiff may not establish federal jurisdiction ... by including in its complaint allegations of federal-law questions that are not essential to its claim." Id. (emphasis in original).
 
 
 10
 Here, Andrisani cites to no provision of the Natural Gas Act or to any other federal statute that creates a cause of action in his favor. Nor can we find any such provision or statute. Furthermore, neither the fact that defendants' authority to exercise the right of eminent domain arises under a federal statute nor the fact that defendants are engaged in interstate activity appear to raise a federal question that is an essential element of any of Andrisani's claims. Because a federal-law element does not appear on the face of Andrisani's complaint, the district court did not err by finding it lacked federal question jurisdiction. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Andrisani filed a request for judicial notice asserting the district court has accepted jurisdiction over his case. We note the exhibits Andrisani attached to his request pertain to an entirely different district court proceeding than the one underlying this appeal. We therefore deny the request for judicial notice