996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Demola ADESANYA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-15621.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1993.*
Decided June 16, 1993.
 
 Before: GOODWIN, NORRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Demola Adesanya, a Nigerian citizen, appeals pro se the district court's dismissal for lack of jurisdiction of his action against the United States alleging false arrest, false imprisonment, and intentional infliction of emotional distress. We affirm.
 
 
 3
 In February 1989, Adesanya was arrested by the Immigration and Naturalization Service ("INS") and charged with deportability under 8 U.S.C. § 1251(a)(1) for having been excludable at entry as an intending immigrant without a valid immigrant visa. An immigration judge found Adesanya deportable, but, the Board of Immigration Appeals reversed, finding that the INS had failed to establish the charges against Adesanya by clear and convincing evidence. Adesanya was released in August 1989. The INS reinstituted deportation proceedings on December 21, 1989. Adesanya has filed various actions against the United States and the Attorney General for alleged tortious conduct arising from his detention by the INS.
 
 
 4
 Adesanya filed this action on February 5, 1992 seeking money damages for false arrest, false imprisonment, and the intentional infliction of emotional distress. He also filed a motion requesting that the case be reassigned to Judge Robert Schnacke for reasons of judicial economy. The district court dismissed the complaint for lack of subject matter jurisdiction, finding that Adesanya had failed to exhaust his administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. The district court denied Adesanya's motion for reconsideration on February 13, 1992. This timely appeal followed.
 
 
 5
 Adesanya argues that the district court confused this action with a similar action that had been previously dismissed for lack of subject matter jurisdiction. This argument has no merit. See Order Denying Motion for Reconsideration (Feb. 13, 1992). Adesanya simply continues to ignore the requirements of the Federal Tort Claims Act. Section 2675(a) of the Act requires a tort claimant to file a claim with an appropriate federal agency before instituting court proceedings. 28 U.S.C. § 2675(a). The failure to do so operates as a jurisdictional bar. Jerves v. United States, 966 F.2d 517, 519 (9th Cir.1992). The complaint was therefore properly dismissed.
 
 
 6
 Adesanya also argues that the district court failed to rule on his application to proceed in forma pauperis prior to dismissing his complaint. This contention has no basis in fact. The district court approved Adesanya's application on the same day the complaint was dismissed.
 
 
 7
 Finally, because dismissal was proper, Adesanya's request to remand to Judge Schnacke is moot.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3