51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
B.M. MEZEI, a minor, By & Through her next friends and
natural parents Robert R. MEZEI and Debra J. Mezei; Debra
J. Mezei, wife; individually; Robert R. Mezei, husband;
individually, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
B.M. MEZEI, a minor, By & Through her next friends and
natural parents Robert R. MEZEI and Debra J. Mezei; Debra
J. Mezei, wife; individually; Robert R. Mezei, husband;
individually, Plaintiffs-Appellees/Cross-Appellants,
v.
UNITED STATES of America, Defendant-Appellant/Cross-Appellee.
Bobbie MEZEI, a minor, By and Through her next friends and
natural parents Robert MEZEI and Debra Mezei,
Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 Nos. 92-16323, 92-16340, 92-16351.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1995.
Decided March 29, 1995.
 
 Before: ALDISERT,* CHOY, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an action under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b) and 2671, et seq., arising out of the alleged negligence of Luke Air Force Base Eye Clinic employees that resulted in the blindness of the minor Bobbie Mezei. Bobbie was eligible for care at the clinic because her father, Robert R. Mezei, was then a noncommissioned Air Force officer stationed at Luke Air Force Base in Arizona. The parents filed claims for damages on her behalf and for loss of consortium damages on their own behalf with the Air Force in November, 1987, alleging that the clinic's failure to schedule an accelerated vision appointment caused blindness stemming from a brain tumor and resultant stroke. After the claim was rejected, the Mezeis filed in district court on May 26, 1988.
 
 
 3
 The district court held a bench trial on both liability and damages. It found that the government was negligent, but that Bobbie's parents were also at fault for failing to insist upon earlier treatment. The court apportioned fault pursuant to A.R.S. Sec. 12-2506 at 50 percent for the government and 50 percent for the parents. Robert and Debra Mezei were each awarded $50,000 for loss of consortium. The district judge, however, held the government responsible for the entire $1,335,589 in compensatory damages awarded to Bobbie, holding that under Arizona common law, the negligence of the parents could not be imputed to the child.
 
 
 4
 The government appeals, arguing that under A.R.S. Sec. 12-2506(B), a statute passed in 1987 and applicable only to actions filed from and after December 31, 1987, the government should not have to pay damages amounting to more than their allotted share of the fault. The parents cross-appeal the district court's finding that they were in any way at fault.
 
 
 5
 In its appeal, the government vigorously contends that the district court misinterpreted A.R.S. Sec. 12-2506 by requiring the government to pay a larger share of Bobbie's damages than its percentage of fault dictated. We need not reach this contention, however, for we conclude that the terms of that statute did not apply to the plaintiffs' action because it was instituted prior to the effective date of the statute.
 
 
 6
 The provisions of 28 U.S.C. Sec. 2401 govern the time for commencing an action against the United States. Subsection (b) provides that a tort claim is forever barred unless "it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." The government argues that because the case was not filed in district court until early 1988, A.R.S. Sec. 12-2506 applies. The plaintiffs in this case, however, commenced their claim with the appropriate federal agency in November of 1987. The provisions of 28 U.S.C. Sec. 2401(b) clearly indicate that under the Federal Tort Claims Act, tort claims litigation is commenced by the filing of an administrative claim. The period is measured from the accrual of a cause of action to the time of filing of the administrative claim, not the district court complaint. Our conclusion is buttressed by the provisions of 28 U.S.C. Sec. 2675(a), providing that a district court complaint cannot be filed until the claimant has presented his claim to the appropriate federal agency, and that claim is denied. Failure of the agency to make a final disposition within six months may be deemed a final denial. The administrative claim requirements are jurisdictional, and must be strictly adhered to. See Jerves v. United States, 966 F.2d 517, 521 (9th Cir.1992).
 
 
 7
 The Federal Tort Claims Act subjects the United States to the same negligence liability that applies to private persons under state law. See 28 U.S.C. Sec. 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...."). Because all events in the matter at bar occurred in Arizona, Arizona law determines whether the United States is liable. See Garcia v. United States, 826 F.2d 806, 809 (9th Cir.1987).
 
 
 8
 In the State of Arizona, a tort action against a private individual is commenced by the filing of a complaint in state court. See A.R.S. Sec. 12-542 (stating that for injuries done to the person of another, including causes of action for medical malpractice, action must be commenced within two years after it accrues). Therefore, if the tort in this case had been committed by a private individual in Arizona and the plaintiffs had filed the action in state court in November of 1987, A.R.S. Sec. 12-2506 would not have applied to a tort claim against the United States. It should not apply in federal court either.
 
 
 9
 We have previously explored the tensions between the Arizona statute of limitations reference to the filing of an "action" and the Federal Tort Claims Act's mandatory requirement of the filing of an administrative claim. See Poindexter v. U.S., 647 F.2d 34, 37 (9th Cir.1981). In that case we observed the unfairness that would result if Arizona law did not recognize the filing of an administrative claim as the filing of an "action" for purposes of the one-year statute of limitations contained in ARS Sec. 23-1023B. Because we could not assume that the Arizona courts would consider the filing of an administrative claim to be the equivalent of the filing of an "action" or otherwise tolling or suspending the one-year statute, and because we were reluctant to intrude upon the province of the Arizona courts, we held that the federal, two-year statute of limitations applied. We thus avoided interpreting the Arizona statute of limitations by applying the federal law.
 
 
 10
 In this case, we must interpret the provision of ARS Sec. 2506(B) establishing its effective date in order to determine what substantive law of Arizona applies. We hold that for purposes of the FTCA, the filing of an administrative claim is the equivalent of the filing of an "action" pursuant to the Arizona statute. We are confident that the Poindexter panel would have reached the same result if it had been required to reach a similar issue.
 
 
 11
 On the cross-appeal, we have carefully reviewed the record and conclude that the district court's finding of fault on the part of the parents, in failing to insist upon prompt medical care in light of their observations of the seriousness of the child's deteriorating vision, was not clearly erroneous.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3