89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Ray TANNER, Plaintiff-Appellant,
v.
Sara PIZATELLA; Bonnie Melendres; H.R. Maar, Jr.; Jesse
Brown, Secretary, Defendants-Appellees.
 No. 95-55869.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Ray Tanner,[1] on behalf of Mitchell Roy Tanner's estate and on behalf of Mitchell Roy Tanner's children, William and Rachael Tanner, appeals pro se the district court's dismissal of his action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-80, for lack of subject matter jurisdiction. Tanner also appeals the district court's denial of his motion for entry of default judgment against defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Tanner contends that the district court erred by dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. We review de novo. Winchell v. United States Dep't of Agric., 961 F.2d 1442, 1443 (9th Cir.1992).
 
 
 4
 The FTCA bars claimants from seeking damages against the United States in federal court until they have exhausted their administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993); Jerves v. United States, 966 F.2d 517, 518-19 (9th Cir.1992); 28 U.S.C. § 2675(a). Because Tanner failed to exhaust his administrative remedies, the district court properly dismissed his complaint for lack of subject matter jurisdiction. See McNeil, 508 U.S. at 113; Jerves, 966 F.2d at 519.
 
 
 5
 Tanner also contends that the district court erred by denying his motion for a default judgment. Specifically, Tanner contends that defendants filed their motion to dismiss three days after the sixty-day period prescribed by Fed.R.Civ.P. 12(a)(3). Tanner, however, served defendants by certified mail. Defendants therefore were allowed three additional days pursuant to Fed.R.Civ.P. 6(e) to respond to Tanner's complaint. Because defendants' motion to dismiss was timely, the district court properly denied Tanner's motion for a default judgment. See Fed.R.Civ.P. 6(e).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to Fed.R.App.P. 43(a), appellant Mitchell Roy Tanner was substituted by the administrator of his estate, Michael Ray Tanner