89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earl R. BARNARD; Marguerite S. Barnard, Plaintiffs-Appellants,
v.
CENTURY ENTERPRISES, INC.; Vern L. Padgett; FDIC, in its
corporate capacity; Joseph N. Barcott, Staff
Attorney for FDIC; United States of
America, Defendants-Appellees.
 No. 95-35313.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Earl R. Barnard and Marguerite S. Barnard ("Barnards") appeal pro se the district court's dismissal of their action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-80, for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal for lack of subject matter jurisdiction de novo, see Winchell v. United States Dep't of Agric., 961 F.2d 1442, 1443 (9th Cir.1992), and we affirm.[1]
 
 
 3
 The Barnards contend that the district court erred by dismissing their complaint against the FDIC pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. This contention lacks merit.[2]
 
 
 4
 The FTCA bars claimants from seeking damages against the United States in federal court until they have exhausted their administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993); Jerves v. United States, 966 F.2d 517, 518-19 (9th Cir.1992); 28 U.S.C. § 2675(a).
 
 
 5
 Here, the Barnards alleged in their complaint that the Federal Deposit Insurance Corporation ("FDIC") violated their constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. The Barnards, however, failed to exhaust their administrative remedies by filing a claim with the FDIC. The Barnards have also failed to assert sufficient grounds to toll the two-year statute of limitations under 28 U.S.C. § 2401(b). See Dyniewicz v. United States, 742 F.2d 484, 487 (9th Cir.1984); see also Gibson v. United States, 781 F.2d 1334, 1344-45 (9th Cir.1986) (discussing a sufficient basis to toll the statute of limitations under section 2401(b) for a FTCA suit), cert. denied, 479 U.S. 1054 (1987). Moreover, we note that constitutional claims are not cognizable under the FTCA. See Federal Deposit Ins. Corp. v. Meyer, 114 S.Ct. 996, 1001 (1994); Billings v. United States, 57 F.3d 797, 800 (9th Cir.1995); 28 U.S.C. § 2679(b)(2)(A).
 
 
 6
 Accordingly, the district court properly dismissed the Barnard's complaint against the FDIC for lack of subject matter jurisdiction. See McNeil, 508 U.S. at 113; Jerves, 966 F.2d at 519.
 
 
 7
 We have considered the Barnards' remaining contentions and find that they are meritless.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Barnards' motion for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Barnards have not appealed the district court's dismissal of their Bivens action for failure to state a claim against defendant Barcott, we do not address this part of the district court's order. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992). Although appellees have raised this issue in their brief, we do not exercise our discretion to review this issue. See id. To the extent that the Barnards appeal the district court's dismissal of defendants Padgett and Century Enterprises, we affirm because the record demonstrates that the district court lacked subject matter jurisdiction. Cf. Janicki Logging Co. v. Mateer, 42 F.3d 561, 563-64 (9th Cir.1994) (affirming on basis fairly supported by the record, but not relied upon by the district court)
 We deny the Barnards' motion to supplement their opening brief with their "additional citations" because these documents have no bearing on the district court's subject matter jurisdiction regarding the Barnards' claim against Padgett and Century Enterprises.
 
 
 [2]
 On appeal, the Barnards contend that they exhausted their administrative remedies by responding to a demand notice and notice of default on a personal loan from a bank that the FDIC subsequently acquired. In addition, the Barnards advance several other reasons to support their contention that the district court had subject matter jurisdiction. Because the Barnards did not raise these contentions in district court, they have waived them on appeal. See United States v. Cupa-Guillen, 34 F.3d 860, 863-64 (9th Cir.1994), cert. denied, 115 S.Ct. 921 (1995)