86 F.3d 1163
 77 A.F.T.R.2d 96-2367
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. STEELE, Plaintiff-Appellant,
v.
Virginia E. COCHRAN, individually in official capacity; Jay
M. Erickson; Craig D. Carrier; Bob Rogers, individually
and in their official capacities; United States Internal
Revenue Service, six unnamed employees with IRS, Defendants-Appellees.
 No. 95-35373.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Steele appeals pro se the district court's dismissal of his action alleging that the Internal Revenue Service ("IRS") and its employees violated his rights under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-80, the United States Constitution, and the Privacy Act, 5 U.S.C. § 552a, by disseminating false and misleading information to the Montana State Bar. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm.
 
 I.
 
 3
 Steele contends the district court erred by dismissing his claims under the FTCA for lack of subject matter jurisdiction. This contention lacks merit.[1]
 
 
 4
 28 U.S.C. § 2675(a) establishes that an FTCA action "shall not be instituted" against the United States unless the claimant first presents his claim to the "appropriate Federal agency" and the claim is denied.[2] The claim requirement of § 2675(a) is a jurisdictional limitation. See Jerves v. United States, 966 F.2d 517, 519 (9th Cir.1992). Because it is uncontroverted that Steele failed to present his claim to a federal agency prior to the initiation of this suit, the district court properly concluded that it lacked subject matter jurisdiction over his FTCA claims. Id. Moreover, the allegations supporting Steele's FTCA claim comprise the torts of slander, libel, and misrepresentation; these claims are specifically excepted from the FTCA. See 28 U.S.C. § 2680(h); Meridian Intern. Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th Cir.1991).
 
 II.
 
 5
 Steele contends that the district court erred when it concluded that Steele failed to state a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)). This contention lacks merit.
 
 
 6
 In the first three counts of his complaint, Steele contended he was denied his rights under the First and Fifth Amendments to exercise freedom of speech, freedom of assembly, freedom of association, and due process of law, when the IRS made "false, irresponsible, and misleading statements to ... discredit [Steele] and cause him to be denied the right to practice law." (First Am.Comp., p. 10).
 
 
 7
 The district court correctly concluded that Steele's allegations set forth claims for slander and libel claims which are common law tort claims, but not constitutional violations. See Siegert v. Gilley, 500 U.S. 226, 233 (1991) (holding that defamation is a tort actionable under the laws of most States but is not a constitutional deprivation). Accordingly, the district court properly dismissed the first three counts in Steele's complaint for failure to state a claim under the United States Constitution.[3]
 
 III
 
 8
 Steele contends the district court erred by concluding that his claims under the Privacy Act were barred by the applicable two-year statute of limitations. This contention lacks merit.
 
 
 9
 In his complaint, Steele alleged that the IRS violated the requirements of the Privacy Act by failing to fulfill its record keeping obligations pursuant to 5 U.S.C. § 552a(g)(1)(C). 5 U.S.C. § 552a(g)(5) provides a two year statute of limitation which commences when the person knows or has reason to know of the alleged violation. See Rose v. United States, 905 F.2d 1257, 1259 (9th Cir.1990). It is uncontroverted that on August 9, 1991, Steele wrote a letter to the IRS questioning the validity of the information disclosed to the State Bar and that on August 23, 1991, the State Bar formally informed Steele that he was denied certification for admission. Because Steele's complaint was filed on January 4, 1994, more than two years after either of those dates, the district court properly dismissed his Privacy Act claim on the grounds that it was time barred. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Steele does not appeal the district court's dismissal without prejudice of his tort claims against defendants in their individual capacities, we deem the issue waived. See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1037 n. 3 (9th Cir.1996)
 
 
 [2]
 The district court, treating Steele as a pro se plaintiff, did not fault Steele for failing to name the United States as defendant. Because Steele could cure such a deficiency by amending his complaint, we proceed to the jurisdictional defects that no amendment could cure. See gen. Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (pro se entitled to amend complaint prior to dismissal unless clear that no amendment could cure defect)
 
 
 [3]
 Steele insists that his allegations support a viable First Amendment claim because the IRS and its employees conspired to oppose his admission to the State Bar in retaliation for Steele's prior membership in a tax protesting organization. The IRS, however, had no authority to determine whether Steele would be admitted to the State Bar and could therefore not be held liable for "causing" the denial of his State Bar certification. See Fry v. Melaragno, 939 F.2d 832, 839 (9th Cir.1991) (citing Flood v. Harrington, 532 F.2d 1248, 1251 (9th Cir.1976))