MEMORANDUM **
Colette Craan and Christian Dewey appeal pro se from the district court’s judgment dismissing them Federal Tort Claims Act (“FTCA”) action arising from the drowning death of Casand Dewey. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal for lack of subject matter jurisdiction, Brady v. United States, 211 F.3d 499, 501 (9th Cir.2000), and we affirm.
The district court properly concluded that plaintiffs did not administratively exhaust as required by 28 U.S.C. § 2675(a), and their failure to do so deprived the court of subject matter jurisdiction. See Jerves v. United States, 966 F.2d 517, 519 (9th Cir.1992) (holding that jurisdictional requirements were not satisfied when plaintiff filed FTCA action before receiving the agency’s final denial of plaintiffs administrative claim).
The district court also properly concluded that defendant is immune from suit under 33 U.S.C. § 702c. See United States v. James, 478 U.S. 597, 608, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986) (stating that “the sweeping language of § 702c was no drafting inadvertence. Congress clearly sought to ensure beyond doubt that sovereign immunity would protect the Government from ‘any' liability associated with flood control.” (internal citation omitted)). We are therefore not persuaded by appellants’ contention that the district court erred by dismissing with prejudice even though it lacked subject matter jurisdiction. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988) (per curiam) (“Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the FTCA. Thus, the district court did not abuse its discretion in dismissing the action with prejudice.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.