**Daniel Gabino MARTINEZ, Petitioner—Appellant,**

v.

**UNITED STATES of America; et al., Respondents—Appellees.**

No. 08–15948.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Daniel G. Martinez, Santa Fe, NM, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gerald S. Frank, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Respondents–Appellees.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Daniel Gabino Martinez appeals pro se from the district court's judgment dismissing his tort action against the United States for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Billings v. United States*, 57 F.3d 797, 799 (9th Cir.1995) (certification by the Attorney General, pursuant to 28 U.S.C. § 2679(d)(1), that named defendant was federal employee acting within the scope of her employment). We affirm.

Martinez filed this action in Arizona state court against employees of the United States Forest Service, alleging unlawful seizure of his cattle.

"When a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee was acting within the scope of his office or employment. . . . [T]he United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act ("FTCA"). If the action commenced in state court, the case is to be removed to a federal district court, and the certification remains conclusive for purposes of removal." *Osborn v. Haley*, 549 U.S. 225, 229–30, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007) (internal quotation marks, citations, ellipses and brackets omitted).

Accordingly, substitution of the United States for the individually named defendants, and removal of this action to federal court, was proper because the United States Attorney, acting on behalf of the Attorney General, certified that the named defendants were acting within the scope of their employment.

Martinez failed to disprove the certification. *See Billings*, 57 F.3d at 800 ("Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged. The party seeking review bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence.") (citation omitted).

Because Martinez failed to demonstrate that he exhausted the administrative remedies of the FTCA, the district court properly dismissed the action against the United States. *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir.1992) (explaining that a court lacks subject matter jurisdiction where the plaintiff has failed to exhaust the FTCA's administrative remedies).

Martinez's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.